**STATE of Tennessee, Appellee,**

v.

**Seymour MYERS, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 22, 1988.

Petition to Appeal Denied by Supreme Court Dec. 12, 1988.

Thomas D. Steele, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Debra K. Inglis, and Steve Dozier, Asst. Attys. Gen., Nashville, for appellee.

OPINION

DWYER, Judge.

This represents an appeal as a matter of right by Seymour Myers from the judgment entered by the Criminal Court of Davidson County finding the appellant guilty of two counts of furnishing alcoholic beverages to a minor and one count of aggravated rape of a minor. Appellant was sentenced to serve ninety days in the county workhouse on each of the misdemeanor counts. As to the aggravated rape conviction, appellant was sentenced as a Range II aggravated offender to serve forty-seven and one-half years in the Department of Correction.

A number of issues are presented for appellate review. In view of our holding as to the following, all others are pretermitted. In short, we find that three issues presented by the appellant have merit and represent prejudicial error to the appellant. Accordingly, this Court is compelled to reverse the judgment of the lower court.

The evidence reveals that in May of 1986, the six-year-old victim lived with her grandmother, aunt and older brother in appellant's home. Appellant was the longtime boyfriend of the victim's grandmother. The victim's aunt became suspicious because of the protectiveness and relationship of the appellant to the victim and had the child examined by a physician. A tear in her hymenal ring, consistent with penetration, was discovered.

At trial, the victim testified that appellant had touched her and pointed to her vaginal area. The examining physician testified, as well as the investigating officer who related the incident as recited to him by the victim after she was referred to the Child Abuse Unit of the Metro Police Department by the Department of Human Services. This discourse was related to the jury over objection.

The appellant testified that he loved the child and denied inserting anything into her vagina. He did, in statements to the police and in his testimony, acknowledge that the child slept with her grandmother and him, and that he could have turned over and have accidentally hit her private parts. The victim's grandmother testified for the defense and other evidence was introduced in an effort to explain the victim's condition.

We find that this appeal has merit for the following reasons. First, the appellant contends that the trial court erred in allowing the detective who investigated the aggravated rape offense to testify concerning the statements made to him by the victim on May 28, 1986. Appellant argues that the statement does not comport with the so-called "fresh complaint" exception to the hearsay rule and that the statement was not given "soon after" the alleged incident as required by prevailing authority.

The State counters that the statement not only comports with the exception, but that the victim's delay in making the statement was reasonable under the circumstances. We cannot agree with the State's position. The State argues that statements of a party to a sexual offense detailing the circumstances or particulars of the offense which are made spontaneously with or shortly after the offense are admissible to

corroborate the testimony of the victim. *Carroll v. State*, 212 Tenn. 464, 370 S.W.2d 523 (1963); *King v. State*, 210 Tenn. 150, 357 S.W.2d 42 (1962); *Phillips v. State*, 28 Tenn. 246 (1848); *Hicks v. State*, 539 S.W.2d 58 (Tenn.Crim.App.1976); *Morris v. State*, 532 S.W.2d 61 (Tenn.Crim.App.1975). We find no reason to disagree with the quoted authorities other than to hold the facts here do not measure up to the yardstick of those cases.

The fresh complaint exception to the hearsay rule is supposedly rooted in common sense. It is based on the premise that where a victim of unlawful sexual contact tells someone of the incident soon thereafter, that person's testimony may be admitted to corroborate the victim's testimony. See, eg., *Carroll v. State, supra; Morris v. State, supra.*

Where the complaint has not immediately followed the commission of the offense, the courts have considered the reasonableness of the delay in complaining about the defendant's conduct in light of all the circumstances, including the reason for the delay and the age and mental capacity of the victim. *See State v. Sanders*, 691 S.W.2d 566 (Tenn.Crim.App.1984).

In the case *sub judice*, the statement in question does not constitute a "fresh complaint" as it was neither spontaneously made nor offered shortly after the offense. The proof adduced at trial reveals that the statement was made to an investigating officer on May 28, 1986 in response to his questioning of the victim.[1] Moreover, we note that weeks before answering the officer's questions, the victim had numerous opportunities to complain to others, including various family members, a social worker and a physician. In short, we do not find that this statement represents a fresh complaint as defined under prevailing case law. See, eg., *Carroll v. State, supra; Hicks v. State, supra.*

Assuming, *arguendo*, that the statement in question does constitute a complaint, we are required to consider the reasonableness of the victim's delay in offering it. Here, the statement was given on May 28, 1986. The State has failed to establish the exact date of the alleged offense. However, in the best light to the State, the record suggests that the alleged incident would have to have occurred at least four to six weeks prior to the victim's statement. Although the State contends that this delay is reasonable in view of the close relationship between the victim and the appellant, we cannot agree. Given the victim's many opportunities to divulge the incident, and the length of the delay involved, the delay does not appear reasonable under the circumstances. *State v. Sanders, supra.*

The statement in question, therefore, was not admissible under the fresh complaint exception to the hearsay rule. Furthermore, we find that the proof in this matter is not so overwhelming that this error could be considered harmless. See Tenn.R.App.P. 36(b). The more vivid detailed description of the event, as narrated by the officer, was devastating to the appellant.

■ Secondly, the appellant urges that the trial court erred in not granting his pretrial motion for severance. The State contends that the joining was proper and argues that the giving of alcoholic beverages to the victim and her brother was suggestive of a common scheme and probative as to appellant's intent to digitally penetrate the victim. We cannot agree.

Tenn.R.Crim.P. 8(b) provides that two or more offenses may be joined in the same indictment, with each offense stated in a separate count, if the offenses constitute parts of a common scheme or plan or if they are of the same or similar character. Rule 14(b)(1) of our Rules of Criminal Procedure provides that if two or more offenses have been joined or consolidated for trial pursuant to Rule 8(b), the defendant shall have a right to a severance of the offenses unless the offenses are part of a common scheme or plan and evidence of one would be admissible upon the trial of the others.

---

1. We distinguish the case *sub judice* from *Pennington v. State*, 573 S.W.2d 755 (Tenn.Crim. App.1978) wherein the offense was not known to the prison official at the time of the complaint, and he was not charged with its investigation.

In the case *sub judice*, no evidence was adduced by the State connecting the alleged alcohol incidents to the alleged unlawful touching of the victim by the appellant. Nor can we agree with the State's contention that the alleged alcohol incidents are probative as to appellant's possible intent to digitally penetrate the young girl.

If the alcohol events were somehow connected to the aggravated rape conviction, we could perhaps agree with the State that it was probative. This, of course, is not the case. When the State, as here, submits numerous unrelated counts in an indictment, it forecloses any opportunity that an accused may have for receiving a fair trial. Given the multiplicity of the counts originally charged against the appellant and the failure of the court to sever unrelated charges, which clearly resulted in prejudice to the appellant, we find that he was denied a fair trial.

█ Finally, we note that the State offered a witness who was eminently qualified in the behavioral dynamics of child abuse cases. However, the witness' testimony was general in nature and appellant avers that it did not relate to the case at bar. While we are impressed with the qualifications of the witness, no questions were propounded by the State specifically calling for an opinion on whether the victim child fit into this profile. This testimony, while perhaps not prejudicial per se, magnified to the jury the seriousness of the crime of child abuse without providing any indicia of its probative value. This error, compounded by that enunciated in the two above issues, denied the appellant a fair trial that is guaranteed by both our federal and state constitutions.

For the foregoing reasons, we find trial court error of reversible proportion. Accordingly, we hereby reverse the judgment of the trial court and remand this matter for new trial.

BIRCH and WADE, JJ., concur.