**STATE of Tennessee, Appellee,**

v.

**Frank DICKERSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 15, 1990.

Susan N. Marttala, David W. Marttala, McMinnville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Deb U. Smith, Asst. Dist. Atty. Gen., Cookeville, for appellee.

## OPINION

DWYER, Judge.

This is an appeal as a matter of right, pursuant Rule 3(e), Tenn.R.App.P., by Frank Dickerson from the judgment of the DeKalb County Criminal Court finding him guilty of crime against nature. T.C.A. § 39–2–612. Appellant was found to be a standard, Range I offender and received a sentence of ten years incarceration.

Four issues are presented for appellate review including a challenge to the sufficiency of the convicting evidence, the admissibility of expert testimony, the alleged failure of the court clerk's office to provide defense counsel with subpoenaed records and a charge of excessive sentence. In view of our holding as to appellant's second issue, our review of the remaining issues is largely pretermitted.

The proof adduced at trial reveals the following. The appellant was a substitute teacher at Central Middle School in Murfreesboro. The victim, age thirteen at the time of the indictment offense, was a student of the appellant. In the summer of 1987, with the permission of the young man's parents, he spent two weeks in the appellant's home in Cannon County. During that period of time, the youngster related that the appellant fondled his private parts and performed fellatio upon him. The fondling continued into early 1988 and culminated with the appellant having anal intercourse with the lad.

ISSUE: Whether the trial court erred in allowing a mental health therapist to testify regarding general child abuse syndrome.

■ Appellant contends that the trial court committed reversible error in admitting the testimony of a mental health therapist, over objection, pertaining to the general dynamics of child sexual abuse. Specifically, appellant complains that the State presented no foundation regarding the general acceptability of this "syndrome". Further, appellant charges that the testimony was introduced by the State "not for the purpose of assisting the jury on a matter outside the understanding of lay persons generally, but rather, it was used to bolster the credibility of the Complainant and establish that Complainant had been sexually abused."

The State acknowledges that testimony regarding "behavioral dynamics of child abuse cases" was held inadmissible by this Court in *State v. Myers*, 764 S.W.2d 214 (Tenn.Crim.App.1988). Further, the State concedes that the type of testimony elicited in the case at bar was held inadmissible in *State v. Schimpf*, 782 S.W.2d 186 (Tenn. Crim.App.1989). The State, however, argues that this Court should be guided by the minority opinion filed in *Schimpf.*

For numerous reasons, we are in agreement with appellant's argument. First, we agree that the State failed to lay the proper foundation regarding the admissibility of the child abuse syndrome. Secondly, as the State acknowledges, this Court has

held that testimony regarding the behavioral dynamics of child abuse cases was held inadmissible in *State v. Myers, supra.* Thirdly, we respectfully are not in agreement with the minority opinion in *Schimpf* as the State urges. Moreover, on January 2, 1990 our Supreme Court denied the State permission to appeal in said case, effectively eliminating the State's argument.[1] In view of the prejudicial nature of the testimony elicited, the failure of the State to establish proper foundation and given the above authority, appellant's issue is found to have merit.

As to appellant's sufficiency of the evidence issue, it is arguable under *Sherrill v. State,* 204 Tenn. 427, 321 S.W.2d 811 (1959) that the victim was an accomplice. We further note, however, that in response to the victim's telephone inquiry, "Why did you do those things?", the appellant stated, "Let's not talk about this at this time." Appellant's answer is slight, yet sufficient, corroboration to support the indictment offense. *Clapp v. State,* 94 Tenn. 186, 30

S.W. 214 (1895). Moreover, we note this issue was not raised in appellant's motion for new trial and is therefore waived.

As to appellant's complaint regarding subpoenaed telephone records, again we find no merit. In the best light, the argument that the bare record of another telephone call is not of itself a suppression of evidence. Moreover, we find no resulting prejudice. Finally, appellant's sentencing issue is rendered moot in view of our treatment of the record.

The judgment of the trial court in this matter is set aside and the record is remanded for a new trial.

BYERS and REID, JJ., concur.

---

1. The Court is obliged to the State for advising that permission to appeal was denied by the

Supreme Court in *State v. Schimpf.*