# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
September 27, 2000 Session

## STATE OF TENNESSEE v. CHARLES ARNOLD BALLINGER

**Appeal as of Right from the Criminal Court for Bradley County**
**No. 98-388     R. Steven Bebb, Judge**

---

**No. E2000-01339-CCA-R3-CD**
**January 9, 2000**

---

On October 14, 1998, a Bradley County Grand Jury indicted Charles Ballinger, the defendant and appellant, for statutory rape and contributing to the delinquency of a minor. Following a jury trial, the defendant was convicted on both counts. The court sentenced the defendant to serve two years for statutory rape concurrently with eleven months and twenty-nine days for contributing to the delinquency of a minor. On appeal, the defendant claims (1) that the evidence was insufficient to support a statutory rape conviction, (2) that the trial court should have suppressed a tape recording of a telephone conversation, (3) that the defendant's sentence was excessive, and (4) that the trial court should have instructed the jury to consider mistake of fact as a defense. Because we find that statutory rape requires proof of at least a "recklessness" mens rea and that the trial court should have instructed the jury to consider mistake of fact as a defense to statutory rape, we reverse the judgment of the trial court and remand this case for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and JAMES CURWOOD WITT, JR., JJ, joined.

Michael M. Raulston, Chattanooga, Tennessee, attorney for the appellant, Charles Arnold Ballinger.

Paul G. Summers, Attorney General and Reporter, Patricia C. Kussmann, Assistant Attorney General and Jerry N. Estes, District Attorney General and Stephen D. Crump, Assistant District Attorney, attorneys for the appellee, State of Tennessee.

# OPINION

## Factual Background

The defendant, a thirty-seven-year-old male, was a neighbor of R.S., a fifteen-year-old female.[1] The defendant's young son was also friends with R.S.'s younger brother. On April 17, 1998, R.S. and her younger brother planned to spend the night at the defendant's home so that R.S. could babysit her brother and the defendant's son. After the defendant picked up R.S. and her brother at their home, he bought beer at a convenience store. When he arrived home, the defendant gave R.S. some beer. She became drunk and fell asleep on the couch. Later, the defendant woke R.S. and told her that he would sleep on the couch, while she could sleep in his bed. After she went to bed, R.S. awoke to discover the defendant lying next to her. He was nude, and he began rubbing R.S.'s back and stomach. He put his hands up her shirt, but she protested. The defendant put his hands in R.S.'s underwear and digitally penetrated her. Then, despite R.S.'s objections, the defendant pulled off her clothes and had sex with her. Afterward, the defendant went to sleep. R.S. stayed awake until the defendant went to work the next morning, and then she fell asleep.

Later that day, R.S. told her mother, Karen Tinsley, what had happened. Ms. Tinsley took R.S. to the hospital where a rape kit was administered. The kit, examined by a Tennessee Bureau of Investigation Forensic Serologist, revealed no semen or sperm. Afterward, police questioned the defendant, and he denied R.S.'s allegations. However, Ms. Tinsley spoke with the defendant later, and he admitted having sex with her. With Ms. Tinsley's permission, police recorded a subsequent telephone conversation that the defendant had with Ms. Tinsley. In that conversation, the defendant admitted letting R.S. drink beer. The defendant told Ms. Tinsley that R.S. wanted to have sex, that R.S. said she was eighteen, and that they had sex because "[R.S.] wanted me to." Then, the defendant changed his story and denied having sex with her.

Despite R.S.'s testimony that the defendant's actions toward her were non-consensual, the grand jury chose to indict the defendant only for statutory rape and contributing to the delinquency of a minor. Following a trial, the jury found the defendant guilty on both counts. After a sentencing hearing, the trial court found the following enhancement factors: (1) that the defendant had a previous history of criminal convictions or behavior in addition to those necessary to establish the appropriate range, Tenn. Code Ann. § 40-35-114(1); (2) that the defendant abused a position of private trust, id. § 40-35-114(15); and (3) that the crime was committed under circumstances under which the potential for bodily injury to a victim was great. Id. § 40-35-114(16). The court found no mitigating factors. Accordingly, the trial court sentenced the defendant to serve two years for statutory rape concurrently to eleven months and twenty-nine days for contributing to the delinquency of a minor.

## Suppression

---

[1] It is this Court's policy not to reveal the names of minor victims of sexual crimes.

R.S.'s mother agreed to allow police to record a telephone conversation she had with the defendant a few days after the incident in question. During that conversation, the following exchange took place:

> Ms. Tinsley: Why did you have sex with her to start with, Chuck? Why? What was your reason? What was– I want to know a reason why. I haven't slept all weekend. I've been dealing with a kid that can't sleep. Why did you do this? Why have you done this to me? I thought you were my friend.
>
> Defendant: I didn't do this, she did.
> . . . .
> Defendant: I'm not going to say anything until after I talk to my lawyer. He's supposed to call here in a little bit.
>
> . . . .
>
> Ms. Tinsley: Well, why did you have sex with her? Why? Why? That's all I want to know is why. What, what made you want to have sex with my daughter?
>
> Defendant: Because she wanted me to.

Later in the conversation, the defendant denied having sex with R.S., and accused Ms. Tinsley of letting someone else listen to the phone conversation. Ms. Tinsley assured the defendant that no one else was listening. On appeal, the appellant claims that his statement was obtained in violation of his Miranda rights, and that State v. Berry, 592 S.W.2d 553 (Tenn. 1980), prohibits the use of such trickery by police officers.

In Miranda v. Arizona, the United States Supreme Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." 384 U.S. 436, 444, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694 (1966). The test to be applied to determine if an individual is in custody is, considering the totality of the circumstances, whether a "reasonable [person] in the suspect's position" would have believed himself or herself to be "in custody." Berkemer v. McCarty, 468 U.S. 420, 442, 104 S. Ct. 3138, 82 L. Ed. 2d 317 (1984); State v. Anderson, 937 S.W.2d 851, 855 (Tenn. 1996).

In this case, the defendant was not in custody when he made the statement; he was at home on the telephone. Thus, his Miranda rights are not implicated. Furthermore, the defendant's reliance on Berry is misplaced. In that case, the defendant, who was in jail, made numerous incriminating statements to a T.B.I. agent posing as a prisoner. Berry, 592 S.W.2d at 561. The defendant in Berry was in custody and had not waived his right to counsel. Id. We find that Berry is inapposite to this case. This issue is without merit.

## Sufficiency

The appellant next complains that the evidence was insufficient to support a conviction for statutory rape. Specifically, he claims that (1) the rape kit revealed no sperm or semen, and (2) R.S.'s testimony was not corroborated.

When an appellant challenges the sufficiency of the evidence, this Court is obliged to review that challenge according to certain well-settled principles. When the sufficiency of the evidence is contested on appeal, the relevant question for the reviewing court is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). In conducting our evaluation of the convicting evidence, this Court is precluded from reweighing or reconsidering the evidence. State v. Morgan, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996). Moreover, this Court may not substitute its own inferences "for those drawn by the trier of fact from circumstantial evidence." State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

A verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the state's witnesses and resolves all conflicts in the testimony in favor of the state. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994). Although an accused is originally cloaked with a presumption of innocence, a jury verdict removes this presumption and replaces it with one of guilt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the appellant to demonstrate the insufficiency of the convicting evidence. Id.

Statutory rape is the "sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim." Tenn. Code Ann. § 39-13-506(a). "'Sexual penetration' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but *emission of semen is not required*." Tenn. Code Ann. § 39-13-501(7)(emphasis added). The defendant testified that he was thirty-seven years old, and the victim testified that she was fifteen years old at the time of the offense. Furthermore, the victim testified that the defendant intentionally penetrated her. Indeed, the defendant admitted to Ms. Tinsley that he had sex with the victim. The evidence is clearly sufficient to support a statutory rape conviction.

## Accomplice Corroboration

The defendant claims that the court should have required R.S.'s testimony to be corroborated, because he claims that R.S. was an accomplice. In Tennessee, it is well-settled that a defendant cannot be convicted on the uncorroborated testimony of an accomplice. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Heflin, 15 S.W.3d 519, 524 (Tenn. Crim. App. 1999). Although the rule that the victim of a sex crime might, under certain circumstances, be an accomplice has been criticized, see, State v. Jeffery Edward Pitts, No. 01C01-9701-CC-00003, (Tenn. Crim. App. at Nashville, March 18, 1999), such a rule appears to remain the law. We do note that the legislature has determined that victims of such crimes under the age of thirteen may not be considered accomplices:

If the alleged victim of a sexual penetration or sexual contact within the meaning of § 39-13-501 is less than thirteen (13) years of age, such victim shall, regardless of consent, not be considered to be an accomplice to such sexual penetration or sexual contact, and no corroboration of such alleged victim's testimony shall be required to secure a conviction if corroboration is necessary solely because the alleged victim consented. Tenn. Code Ann. § 40-17-121.

The legislature has not seen fit however to extend this rule to minor victims of sex crimes, such as the victim in this case, who are between 13-17 years of age. Moreover, this court has held that a child can be an accomplice in a sex-related case. State v. Griffis, 964 S.W.2d 577, 588 (Tenn. Crim. App. 1997)(citations omitted); State v. McKnight, 900 S.W.2d 36, 49 (Tenn. Crim. App. 1994); State v. Dickerson, 789 S.W.2d 566, 568 (Tenn. Crim. App. 1990). Thus, when a child is deemed an accomplice, the testimony of the child, like an adult, must be corroborated. Griffis, 964 S.W.2d at 588.

An accomplice is defined as a person who knowingly, voluntarily and with common intent unites with the principal offender in the commission of the crime. State v. Anderson 985 S.W.2d 9, 16 (Tenn. Crim. App. 1998)(citing State v. Perkinson, 867 S.W.2d 1, 7 (Tenn. Crim. App.1992)). When it is clear and undisputed that the witness participated in the crime, the trial court decides as a question of law whether he or she is an accomplice. Id. The question becomes one of fact for the jury to decide when the facts are in dispute or susceptible to different inferences. Id. In other words, where a witness denies involvement in the crime, the question of whether he or she is an accomplice is one of fact to be submitted to the jury with proper instructions from the court on how to consider such testimony. Anderson, 985 S.W.2d at 16 (citing Ripley v. State, 189 Tenn. 681, 687, 227 S.W.2d 26, 28 (1950)).

In this case, there was evidence in the record from which the jury could have inferred that R.S. was an accomplice. Although R.S. testified that she did not consent to the intercourse, the defendant's statement, on which the state relied, indicated that the intercourse was consensual. Although consent is no defense to statutory rape, it could imply that the victim was also an accomplice. In this case, the jury was not instructed to determine whether R.S. was an accomplice. We find the omission of a jury instruction harmless, however, because even if R.S. was an accomplice, the record contains sufficient corroboration to R.S.'s testimony. "Only slight circumstances are required to corroborate an accomplice's testimony." State v. Griffis, 964 S.W.2d 577, 589 (Tenn. Crim. App. 1997). In response to Ms. Tinsley's questions regarding why the defendant had sex with the victim, the defendant responded "because she wanted me to." We find that the defendant's comments constitute sufficient corroboration for the victim's testimony. See Dickerson, 789 S.W.2d at 568. This issue is without merit.

**Sentencing**

Before imposing the defendant's sentence, the trial court made the following findings:
[L]adies and Gentlemen, at the beginning of this trial I can recall the feeling that I had of why in the world is the state going to trial where the rape kit came back and nothing there. At the end of that case this court accepted and approved the verdict

of that jury, and my only question was why the Grand Jury did not indict for the offense of rape. I saw no evidence of consent on the part of this young lady, and all the indicia I had was of straight ordinary rape. So I feel like the grand jury indictment in this case gave the defendant more breaks than he was entitled to. I find no mitigating factors, and, in fact, and I'm not going to consider lack of remorse because the defendant has continued to deny his guilt in face of the testimony and the verdict at trial. I find, and it's of no importance in the sentencing, the defendant has a history of criminal convictions or criminal behavior, either self-admitted or shown in the presentence report. More importantly, the defendant definitely abused a position of private trust, and thirdly, I find that the crime was committed under circumstances under which the potential for bodily injury was great. Who knows where a fellow was drinking and he has got a baby sitter alone in the house with him, as far as any other adults are concerned, and what if they resist strenuously, what will happen? The potential for bodily injury was frankly great.

The appellant asserts that the trial court imposed an excessive sentence, because (1) the trial court misapplied statutory enhancement factors, and (2) that the trial court's comments indicate that the court relied on improper evidence in enhancing the defendant's sentence.

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determination of the trial court was correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption of correctness is "conditioned upon the affirmative showing that the trial court in the record considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If appellate review reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this Court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). In conducting a review, this Court must consider the evidence, the presentence report, the sentencing principles, the arguments of counsel, the nature and character of the offense, mitigating and enhancement factors, any statements made by the defendant, and the potential for rehabilitation or treatment. State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). The defendant bears the burden of showing the impropriety of the sentence imposed. State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993).

The defendant claims that he "does not have the 'history of criminal convictions or criminal behavior' sufficient to raise the presumption of the minimum sentence to the maximum as set by the Court nor was there a 'position of private trust' present." However, other than this statement, the appellant's brief contains no argument as to why the enhancement factors do not apply and no citations to legal authority. Therefore, this issue is waived. Tenn. Ct. Crim. at R.10(b); Tenn. R. App. P. 27(a)(7); State v. Hill, 875 S.W.2d 278, 283-84 (Tenn. Crim. App. 1993). Furthermore, we find no evidence that the trial court utilized any improper evidence to enhance the sentence. The court found three enhancing factors and no mitigating factors, and accordingly imposed the maximum sentence. This issue is without merit.

## Jury Instructions

The defendant complains that the trial court should have instructed the jury to consider the "mistake of fact" defense. Tenn. Code Ann. § 39-11-502. The state contends that mistake of fact is no defense to statutory rape, because the statutory rape statute requires no culpable mental state.

The Tennessee Code defines mistake of fact as follows: "ignorance or mistake of fact is a defense to prosecution if such ignorance or mistake negates the culpable mental state of the charged offense." Tenn. Code Ann. § 39-11-502(a). Thus, in order to determine whether mistake of fact is a defense to statutory rape, we must first determine what mental state, if any, is required for proof of statutory rape.

Statutory rape is defined as "sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim." Tenn. Code Ann. § 39-13-506(a). Neither the statute nor the sentencing commission comments following the statute specify a culpable mental state. A literal reading of this statute could lead to absurd results. Because there is no requirement in the statute that the proscribed sexual penetration be unlawful, and because consent of the victim is no defense, a gynecological or proctological examination of a child between thirteen and seventeen years of age is literally prohibited by the statute.

The Legislature has provided guidance for such situations. Tenn. Code Ann. § 39-11-301 provides, in relevant part

> (b) A culpable mental state is required within this title unless the definition of an offense plainly dispenses with a mental element.
>
> (c) If the definition of an offense within this title does not plainly dispense with a mental element, intent, knowledge, or recklessness suffices to establish the culpable mental state.

Tenn. Code Ann. § 39-11-301(b), (c). In other words, when a mental state is neither specified nor "plainly dispensed with," the state must prove, at a minimum, that the defendant acted recklessly.[2] See State v. Hill, 954 S.W.2d 725, 726 (Tenn. 1997)(holding that section 39-11-301 applied in prosecution for aggravated rape because the aggravated rape statute made no reference to a culpable mental state); see also State v. Anderson, 894 S.W.2d 320, 322 (Tenn. Crim. App. 1994)(holding that section 39-11-301 applied to a prosecution for escape because the escape statute made no reference to a requisite mental state).[3] In this case, because the statute defining statutory rape neither specifies nor plainly dispenses with a culpable mental state, we conclude that the state must prove that the defendant, at a minimum, recklessly engaged in sexual

---

[2]Of course, proof that the defendant acted intentionally or knowingly will suffice as well. See Tenn. Code Ann. § 39-11-301(a)(2).

[3]We note that the Legislature has "plainly dispensed with" a culpable mental state in other situations. See e.g., State v. Turner, 953 S.W.2d 213, 215 (Tenn. Crim. App. 1996)(holding that Tenn. Code Ann.§ 55-10-401(a) "plainly dispensed with" mens rea by defining the offense of driving under the influence to encompass the mere physical control of a vehicle.)

penetration of a victim between the ages of thirteen and eighteen and that the defendant was at least four years older than the victim.[4]

"Reckless: as a mental element is defined at Tennessee Code Annotated Section 39-11-302(c) as follows:

> "Reckless" refers to a person who acts recklessly with respect to circumstances surrounding the conduct or the result of the conduct <u>when the person is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist</u> of the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the accused person's standpoint. *(emphasis added).*

Therefore, in the context of a statutory rape prosecution a defendant may be said to act "recklessly" when he is aware of but consciously disregards a substantial and unjustifiable risk that the person who he is about to sexually penetrate is between the ages of 13 years and 17 years.

We turn now to determine whether the jury should have been instructed to consider mistake of fact as a defense in this case. It is well-settled that the trial court has the duty of giving a correct and complete charge of the law applicable to the facts of the case, and that the defendant has the right to have every issue of fact raised by the evidence and material to the defense submitted to the jury upon proper instructions by the trial court. <u>State v. Teel</u>, 793 S.W.2d 236, 249 (Tenn. 1990); <u>State v. Bryant</u>, 654 S.W.2d 389, 390 (Tenn. 1983). Mistake of fact is not an affirmative defense; it is merely a defense. Thus, if the evidence fairly raises mistake of fact, the trial court must instruct the jury to consider the defense and that any reasonable doubt on the existence of the defense requires acquittal. Tenn. Code Ann. §§ 39-11-203, -502; <u>State v. McPherson</u>, 882 S.W.2d 365, 374 (Tenn. Crim. App. 1994). The statute defining mistake of fact provides that mistake of fact shall apply "[e]xcept in prosecutions for violations of §§ 39-13-504(a)(4) and 39-13-522 [aggravated sexual battery of a child and rape of a child, respectively]." Tenn. Code Ann. § 39-11-502(a). Thus, while the Legislature has specifically excluded the defense in certain situations, it has not excluded the defense in statutory rape cases.

In this case, although the defendant testified that he did not have sex with R.S., he also testified that he thought she was eighteen years old. Based upon the evidence, the jury could have found that the defendant had sex with R.S. but, under all the circumstances was reasonably mistaken about her age, thus negating the possibility of a conclusion that the defendant acted

---

[4]We also note that the Tennessee Pattern Jury Instruction regarding statutory rape provides that the jury must find that the defendant acted "intentionally, knowingly or recklessly" before convicting the defendant of statutory rape. T.P.I. –Crim. 10.05 (2000). Indeed, although denying the defendant's request for a mistake of fact instruction based on the his conclusion that statutory rape is a strict liability crime, the trial judge in this case instructed the jury according to the pattern instruction.

recklessly.  Thus, based on the evidence adduced at trial, we find that the trial court should have instructed the jury to consider mistake of fact as a defense to statutory rape.

Accordingly, we REVERSE the judgment of the trial court and remand this case for a new trial.                  .

_____
JERRY L. SMITH, JUDGE