# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### January 11, 2005 Session

## STATE OF TENNESSEE v. DANIEL SHANE MALONE

**Appeal from the Circuit Court for Madison County**
**No. 97-853     Franklin Murchison, Judge**

---

**No. W2004-01125-CCA-R9-CD  - Filed April 25, 2005**

---

The defendant was indicted for statutory rape and contributing to the delinquency of a minor. Thereafter, the trial court ordered an investigation to determine whether the defendant was suitable for pretrial diversion. Before the defendant filed an application for pretrial diversion, but after a pretrial investigation report was submitted, the prosecutor denied pretrial diversion. The trial court granted the defendant's writ of certiorari and reversed the prosecutor's decision. Pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, the State was granted permission for an interlocutory appeal to this Court. On appeal, this Court reversed the decision of the trial court and remanded the case for further proceedings. State v. Daniel Shane Malone, No. W1999-01678-CCA-R9-CD (Tenn. Crim. App., at Jackson, Nov. 8, 2000), *perm. app. denied* (Tenn. March 4, 2002). The defendant then filed an original application for pretrial diversion. Again, the prosecutor denied pretrial diversion. The trial court granted a writ of certiorari and, thereafter, determined that the prosecutor did not abuse his discretion. The defendant sought, and was granted, permission to take an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. We granted the appeal to address the defendant's contention that the prosecutor abused his discretion in denying pretrial diversion. Upon review, we conclude that the prosecutor failed to consider and weigh all relevant factors including substantial evidence favorable to the defendant. Consequently, we reverse the judgment of the trial court and remand this case to the prosecutor for further consideration of all relevant factors attendant to the defendant's pretrial diversion application.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Criminal Court Reversed and Remanded**

J.C. MCLIN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

George Morton Googe and Joseph T. Howell, Public Defenders, for the appellant, Daniel Shane Malone.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; James G. Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I.  Facts & Procedural History

On November 24, 1997, the defendant, Daniel Shane Malone, was indicted for three counts of statutory rape and two counts of contributing to the delinquency of a minor.  Thereafter, the trial court ordered an investigation to determine whether the defendant was a suitable candidate for pretrial diversion.  The pretrial investigation report indicated that the defendant, who was twenty-one years old at the time of the alleged offenses, had sexual intercourse with the victim, a fifteen-year-old girl, on three separate occasions.  According to the report, the victim's affidavit of complaint alleged that the defendant provided her with alcohol before each sexual encounter, as well as marijuana on one occasion. The victim also asserted that she became pregnant and later had a miscarriage.  The report indicated that the defendant denied the victim's allegations that he provided her with alcohol and marijuana.  The report also indicated that the defendant had no prior criminal history, and had worked in his father's masonry business since he was seventeen years of age.

After the initial investigation report was completed, but before the defendant filed an application for pretrial diversion, the prosecutor denied pretrial diversion.  In denying pretrial diversion, the prosecutor, in his first written response, simply cited the circumstances of the offense, need for deterrence, and the defendant's failure to provide information supporting his candidacy for pretrial diversion.  However, the prosecutor's denial letter was proffered before the defendant applied for pretrial diversion.

The defendant sought review of the prosecutor's denial via writ of certiorari.  The trial court granted the defendant's writ of certiorari, held a hearing on the matter, and by order declared that "the defendant should be granted diversion because the defendant is charged with a Class E felony, the defendant has no prior criminal record, and the defendant is 21 years of age."  Pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, the State was granted permission for an interlocutory appeal to this Court.  On appeal, this Court determined that the trial court failed to properly review the prosecutor's decision for abuse of discretion.  Therefore, this Court reversed the trial court's decision, and remanded the case for further proceedings.  State v. Daniel Shane Malone, No. W1999-01678-CCA-R9-CD (Tenn. Crim. App. at Jackson, Nov. 8, 2000). Permission to appeal to the Tennessee Supreme Court was sought and denied.[1]

On February 21, 2003, the defendant filed an application for pretrial diversion along with twelve letters of good character submitted by family and friends.  On March 25, 2003, an additional

---

[1] Although this opinion was designated as not for citation by our supreme court and has no precedential value, we refer to it only to explain the background and procedural history of this case.  See Tenn. Sup. Ct. R. 4(F)(2).

pretrial report was submitted. The report indicated the same findings as the original, but included updated information concerning the defendant's family status – married with two children. The report also included an updated record of the defendant's employment status. According to the report, the defendant was currently employed as manager of a Popeye's restaurant, and had been employed by Wendy's restaurant and ACE T.V. Rental as an assistant manager during the interim appellate process. The prosecutor, by letters,[2] denied the defendant's application for pretrial diversion. The letters state the following:

> I have considered Daniel's age, academic record, employment history, criminal history, the nature of the crime and the need for deterrence and have concluded that entering into a pretrial diversion agreement with Daniel would not be in the best interest of society.

> I place no weight on Daniel's age either for or against diversion. Daniel was 21 at the time of the offense and was of sufficient age and experience to appreciate the wrongfulness of his conduct. This is demonstrated by the fact that according to his statement he knew to inquire about the victim's age.

> I place no weight on Daniel's academic record. He dropped out of high school during his sophomore year but has apparently obtained a G.E.D. . . .

> I weigh Daniel's employment history against diversion. Daniel quit school in 1994 and did not obtain his first verifiable full time position until January of 2000. State records indicate he has not worked since June 2002.

> Daniel has apparently had some contact with people involved in the sell or delivery of marijuana. He supplied marijuana to a minor and this is simply intolerable.

> Daniel's statement that he had no reason to suspect that the victim was under age is not very credible. Photographs of the victim at the time clearly show that she is extremely young. Further his claim that the victim's mother told him she was 18 is denied by the mother but at any rate even according to Daniel this did not occur until after he had had sex with the victim. Daniel claims to have known the victim for a year and a half but had no idea of her true age. I find this incredible.

> I also view Daniel's failure to take responsibility in a dim light. Daniel places the blame for his conduct on the victim and the victim's mother. This inability to take responsibility is given slight weight against diversion. This irresponsible

_____

[2] With the exception of different dates, both letters responding to the defendant's application for pretrial diversion state the same thing.

behavior is consistent with Daniel's dropping out of school and failure to seek full time employment from 1994 through 2000 and his present unemployment.

I have read the letters supplied by family and friends of Daniel. I place no significant weight on these letters. [The] general reference to Daniel's good morals is of no real value in my assessment of any of the factors considered. These letters are frankly inconsistent with Daniels academic and employment history and inconstant with the facts of this case.

This office must prosecute numerous sexually related offenses every year. This judicial district prosecutes roughly 60-70 sexually related offenses every year. Our juvenile court system is virtually over run with children who are abused or lead into delinquency by adults.

Allowing Daniel Malone to participate in pretrial diversion would undermine our efforts in curbing the ever-increasing tide of juvenile crime and crime against juveniles as well as the never ending battle against sexually related crimes.

Having weighed the foregoing, I decline to enter into a pretrial diversion agreement with Daniel Malone.

On June 20, 2003, the defendant filed a petition for writ of certiorari. The trial court granted the writ of certiorari and held a hearing on the matter. At the hearing, the trial court determined that the prosecutor did not abuse his discretion in denying pretrial diversion. The defendant subsequently sought, and was granted, permission to take this interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.

## II. Analysis

To be eligible for pretrial diversion, a defendant must not have been previously granted diversion; must not have a prior misdemeanor conviction for which a sentence of confinement was served or a prior felony conviction within a five-year period after completing the sentence or probationary period for the conviction; and must not have been charged with a Class A felony, a Class B felony, certain Class C felonies, a sexual offense,[3] driving under the influence, or vehicular assault. See Tenn. Code Ann. § 40-15-105(a)(1)(B)(i)(a)-(c). However, statutory qualification for pretrial diversion does not give rise to automatic entitlement. See State v. Bell, 69 S.W.3d 171, 176 (Tenn. 2002); State v. Curry, 988 S.W.2d 153, 157 (Tenn.1999). Rather, the decision to grant or deny pretrial diversion rests within the sound discretion of the prosecuting attorney. Bell, 69 S.W.3d at 176. When making a determination of eligibility for pretrial diversion, the prosecutor should focus on the defendant's amenability to correction. Bell, 69 S.W.3d at 176. In other words, the

---

[3] Statutory rape is not included as a "sexual offense" for which a defendant would be statutorily disqualified from seeking pretrial diversion. See Tenn. Code Ann. § 40-15-105(a)(1)(B)(ii)(a)-(h).

prosecutor should focus on any factors which accurately reflect the likelihood that a particular defendant will or will not become a repeat offender. Id. Among the factors the prosecutor should consider when making this decision are: (1) the likelihood that pretrial diversion will serve the ends of justice, as well as, both the defendant's and the public's interest; (2) the circumstances of the offense; and (3) the defendant's criminal record, social history, and physical and mental condition of a defendant where appropriate. See id. (citing State v. Hammersley, 650 S.W.2d 352, 355 (Tenn. 1983)).

Although it is the defendant's responsibility to demonstrate suitability for pretrial diversion, the prosecutor is not relieved from the obligation to examine and consider all relevant factors. Id. at 177. In fact, when denying pretrial diversion the prosecutor must discuss in writing all relevant factors considered and the weight attributed to each factor. Id.; Curry, 988 S.W.2d at 157. Moreover, the prosecutor's written denial statement must identify any factual discrepancies between the evidence relied upon by the prosecutor and the evidence presented by the defendant. Curry, 988 S.W.2d at 157. Failure to consider and articulate all of the relevant factors constitutes an abuse of discretion. See id. at 157-58.

If the defendant's application for pretrial diversion is denied, the defendant may appeal to the trial court for a writ of certiorari. Tenn. Code Ann. § 40-15-105(b)(3). However, the decision of the prosecutor to grant or deny pretrial diversion is presumptively correct and will not be set aside absent abuse of discretion. Curry, 988 S.W.2d at 158. When reviewing for abuse of discretion, the trial court must consider only the evidence considered by the prosecutor. Id. The trial court may not re-weigh the evidence, or substitute its view for that of the prosecutor. State v. Yancey, 69 S.W.3d 553, 559 (Tenn. 2002). In order to evaluate whether there has been an abuse of discretion, the trial court must determine whether the prosecutor has weighed and considered all of the relevant factors or whether the prosecutor reached a decision not supported by substantial evidence in the record. Bell, 69 S.W.3d at 179; see also Yancey, 69 S.W.3d at 559. The trial court cannot reasonably conclude that there exists substantial evidence supporting the prosecutor's decision if the prosecutor failed to consider all of the relevant factors and their relevant weight. Bell, 69 S.W.3d at 179. The trial court may conduct a hearing, but only to resolve any factual disputes raised by the prosecutor or the defendant. Curry, 988 S.W.2d at 158. The trial court may not discuss new or additional considerations regarding the denial of diversion, or "fill-in the gaps" absent appropriate findings by the prosecutor. Yancey, 69 S.W.3d at 559; Curry, 988 S.W.2d at 158. "On appeal, the appellate court is bound by factual findings made by the trial court unless the evidence preponderates against them." Bell, 69 S.W.3d at 177. In other words, appellate review is limited to considering only the evidence considered by the prosecutor. See Yancey, 69 S.W.3d at 559-60.

On appeal, the defendant argues that the trial court erred in finding that the prosecutor did not abuse its discretion. Specifically, the defendant argues that (1) the trial court considered allegations not considered by the prosecutor in denying pretrial diversion, (2) failed to determine whether the prosecutor considered and weighed all the relevant factors, and (3) failed to determine whether the prosecutor's decision denying diversion was supported by substantial evidence.

According to our supreme court, a certiorari review by the trial court requires a review of the method used by the prosecutor, but not the intrinsic correctness of the prosecutor's denial decision. See id. at 558-59. The trial court must not re-weigh the evidence or substitute its view for that of the prosecutor. Id. at 559; Bell, 69 S.W.3d at 179. "Instead, the trial court must only determine whether the district attorney general has abused his or her discretion by failing to consider and weigh all of the relevant factors *or* by reaching a decision that is not supported by substantial evidence." Bell, 69 S.W.3d at 179. (emphasis added). However, the trial court cannot reasonably conclude that there exists substantial evidence supporting the prosecutor's decision if the prosecutor failed to consider all of the relevant factors and their relevant weight. Id. Moreover, the prosecutor's "failure to consider all relevant factors, including evidence favorable to the defendant, cannot be cured by the trial court's review." Id. The record as a whole cannot support the prosecutor's denial of diversion if the prosecutor failed to consider and weigh all of the relevant factors including evidence favorable to the defendant. Id. at 178.

At the certiorari hearing, the trial court concentrated its review on the circumstances surrounding the offenses of statutory rape and contributing to the delinquency of a minor. The trial court noted, that as part of the sexual encounters, the victim was allegedly given alcohol and marijuana and suffered a miscarriage. Although the trial court noted that these particular circumstances were in dispute and undecided, the trial court stated that these circumstances were significant. The trial court also stated that the disputed facts surrounding the defendant's work history and education were of lesser significance. Subsequently, the trial court determined that the prosecutor did not abuse his discretion by denying the defendant's request for pretrial diversion.

However, the record reflects that the prosecutor did not consider the alleged alcohol use or the miscarriage in his letter denying pretrial diversion. In addition, these facts were disputed by the defendant in the pretrial investigation report. Notwithstanding the fact that the trial court noted these facts as disputed, it is unclear from the record whether the trial court reviewed the prosecutor's findings in accordance with the correct standard of review. That is, whether the prosecutor had properly considered all relevant factors and weighed the evidence relevant to each factor, or whether the prosecutor's decision denying diversion was supported by substantial evidence.

In the letter denying pretrial diversion, the prosecutor states that he considered factors such as defendant's age, academic record, work history, and letters of good character. However, there was no apparent consideration of the defendant's marital status and lack of criminal record. Moreover, all factors supposedly considered on behalf of the defendant were assigned little to no weight. While we do not question the prosecutor's discretion to assign weight to any relevant factor, we do note that the prosecutor is to focus on defendant's amenability to correction when considering pretrial diversion. With that focus in mind, the prosecutor should not be dismissing all factors favorable to the defendant as factors carrying no weight unless the evidence supports such a consideration.

More noteworthy is the fact that the record does not support the prosecutor's conclusion that the defendant had a history of unemployment. Both investigative reports state the defendant's employment history. Moreover, the record shows that the prosecutor was specifically notified of the

defendant's favorable employment history via letter before sending the last denial letter. The letter informed the prosecutor that he was making his consideration based upon erroneous information of the defendant's work history. Nonetheless, the prosecutor weighed the defendant's employment history against diversion. In addition, the prosecutor used the defendant's employment history to support his determination that the defendant was irresponsible, and that no significant weight would be attributed to the defendant's letters of good character. After reviewing the record, we are unable to find evidence that supports the prosecutor's contention that the defendant had a poor work history. Therefore, we conclude that the prosecutor failed to consider the defendant's work history as a relevant factor supporting eligibility for pretrial diversion.

The prosecutor relied upon the allegation that the defendant supplied marijuana to the victim. It is clear from the record that the prosecutor's consideration was based upon the victim's statement in the pretrial investigation report. As part of the report, and arguably part of the circumstances surrounding the offense of contributing to the delinquency of a minor, this factor may be considered. However, the prosecutor failed to note that the defendant disputed this allegation. As a disputed fact, the prosecutor's written denial must identify it as such. In our view, the identification of a disputed fact encourages objective review of the prosecutor's denial of pretrial diversion. Upon notice of a disputed fact, the trial court can either make a determination resolving the dispute, or conduct an evidentiary hearing to resolve it, and thereafter, determine if the prosecutor's reliance on the disputed fact is supported by substantial evidence. We also note that it is not clear how much weight was assigned to this disputed fact.

The prosecutor considered the defendant's assertion that he did not know the victim's age and was misled in this regard as proof of the defendant's failure to take responsibility. The prosecutor weighed the defendant's failure to take responsibility against pretrial diversion. Failure to take responsibility for one's actions can be considered as a factor when determining eligibility for pretrial diversion. See State v. Nease, 713 S.W.2d 90, 91 (Tenn. Crim. App. 1986); State v. Charles Luis Blackburn, No. 01C01-9310-CR-00340, 1995 WL 295276, at *4 (Tenn. Crim. App., at Nashville, May 12, 1995). However, a defendant is not required to admit guilt, neither can the prosecutor make an admission of guilt a prerequisite to favorable consideration for pretrial diversion. See State v. Lane, 56 S.W.3d 20, 29 (Tenn. Crim. App. 2000). Mistake of fact as to age is a legitimate defense in statutory rape cases. See Tenn. Code Ann. § 39-11-502; State v. Ballinger, 93 S.W.3d 881, 890-91 (Tenn. Crim. App. 2001). Nonetheless, it is not the function of this Court to re-weigh the evidence, nor does the evidence weigh against the prosecutor's decision in this instance. Therefore, we conclude that the prosecutor's assignment of "slight weight" against diversion is supported by the record in this specific instance.

The prosecutor cites the need for deterrence as a factor weighing against diversion. While deterrence may be considered as a factor in justifying a denial of diversion, such a factor must be clearly articulable and stated in the record in order to foster meaningful appellate review. See Curry, 988 S.W.2d at 159; State v. Carr, 861 S.W.2d 850, 855 (Tenn. Crim. App. 1993). Moreover, the circumstances of the offense and the need for deterrence "cannot be given controlling weight unless they are of such overwhelming significance that they necessarily outweigh all other factors." State

v. Washington, 866 S.W.2d 950, 951 (Tenn.1993) (citations omitted).  In this case, the prosecutor does not cite any statistics regarding statutory rape, rather the prosecutor relies on the fact that his judicial district prosecutes roughly sixty to seventy sexually related offenses a year, and the fact that there is an ever-increasing tide of juvenile crime and crimes against juveniles.  It is not clear if these sexually related offenses are limited to statutory rape or pertain to other sex crimes.  Moreover, it is not clear how much weight was placed on this factor.  Thus, as written, we are unable to determine if deterrence value is a legitimate basis to support the denial of pretrial diversion.

Our supreme court has made it abundantly clear that a prosecutor must examine and consider *all* relevant factors and identify any factual discrepancies between the evidence relied upon by the prosecutor and the evidence presented by the defendant. When a prosecutor fails in this regard, the proper remedy is to remand to the prosecutor for proper evaluation of all the factors relevant to the defendants's application for pretrial diversion.  Upon review, we note that the prosecutor failed to consider and weigh all relevant factors favorable to the defendant and failed to identify the factual disputes upon which he relied.  Moreover, the prosecutor failed to provide clear explanation as to how much weight each factor was afforded or why certain factors outweighed other factors in denying diversion.  Accordingly, we remand this matter to the prosecutor for further consideration of all relevant factors attendant to the defendant's pretrial diversion application.

### III.  Conclusion

The judgment of the trial court is reversed and the matter is remanded back to the prosecutor for consideration of all relevant factors attendant to the defendant's pretrial diversion application.

_____
J.C. McLIN, JUDGE