# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### May 1, 2013 Session Heard at Knoxville

## STATE OF TENNESSEE v. DEWAYNE COLLIER aka PATRICK COLLIER

**Appeal by Permission from the Court of Criminal Appeals**
**Criminal Court for Shelby County**
**No. 0904165     John T. Fowlkes, Jr., Judge**

**No. W2010-01606-SC-R11-CD - Filed August 12, 2013**

A Shelby County jury convicted the defendant of aggravated statutory rape, and the trial court imposed a sentence of four years. On appeal, the defendant, who was forty-two years old at the time of the offense, argued that the evidence was insufficient to support his conviction because the testimony of the fourteen-year-old female victim, a consenting accomplice in the crime, was not adequately corroborated by other proof. The Court of Criminal Appeals found that the victim qualified as an accomplice to the crime but affirmed the conviction, holding that her testimony was sufficiently corroborated by the evidence in the record. This Court granted review to determine whether a victim of statutory rape qualifies as an accomplice such that his or her testimony must be corroborated in order to support a conviction. We hold that the testimony of a victim of statutory rape does not require corroboration. Because the evidence is sufficient to sustain the conviction, the judgment of the Court of Criminal Appeals is affirmed.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Criminal Appeals Affirmed**

GARY R. WADE, C.J., delivered the opinion of the Court, in which JANICE M. HOLDER, CORNELIA A. CLARK, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Phyllis Aluko, Assistant Public Defender, Memphis, Tennessee, for the appellant, DeWayne Collier.

Robert E. Cooper, Jr., Attorney General and Reporter; William E. Young, Solicitor General; Rachel E. Willis, Senior Counsel; Sophia S. Lee, Assistant Attorney General; William L.

Gibbons, District Attorney General; and Damon Griffin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts and Procedural History

On Friday, September 5, 2008, the victim, C.D.,[1] was a fourteen-year-old student in the ninth grade at a high school in a small town in Arkansas located less than thirty miles from Memphis, Tennessee. At that time, she lived with her father, her mother, and her two brothers. A member of the school marching band, the victim was scheduled to perform that evening in the school's first football game of the season.

Instead of attending the game, however, the victim left school, traveled to the residence of a friend, and borrowed her friend's mother's cell phone to call DeWayne Collier (the "Defendant"), whom the victim had known through his acquaintance with her father. The purpose of her call was to ask the Defendant to take her to his house in Memphis so that they could "spend time together." During the conversation, the Defendant mentioned that he was still at work but agreed to meet her at the YM Grocery Store, a convenience market located within walking distance of the victim's friend's residence. The victim told her friend that she intended to meet "her uncle" at the store and, after approximately fifteen minutes, left the residence. On the way, she happened to see a former boyfriend, who walked with her to the grocery. By the time they arrived at the grocery, the Defendant was waiting. The victim entered his vehicle, and the Defendant drove away.

After teasing the victim about her former boyfriend, the Defendant drove some forty minutes to his residence in Memphis, stopping on the way at a liquor store to buy twelve mini-bottles of margarita. Upon their arrival, the Defendant opened a bottle of margarita, the Defendant and the victim undressed, and the two took a bath together. During this time, the victim observed that the Defendant had a tattoo of a panther high on his chest near a scar and also noticed scars on his back. The two stayed in the bathtub for about thirty minutes before going into a bedroom. The victim put on her underwear and a tank top that the Defendant had given her and drank a margarita. After some fifteen to twenty minutes, the two engaged in sexual intercourse. Afterward, the Defendant ordered take-out food from a restaurant on Beale Street. After eating and watching a movie on television, the Defendant and the victim engaged in sexual intercourse a second time. They "washed up" and then slept together throughout the night.

---

[1] C.D. is identified by her initials because she was a minor during the events that gave rise to this case.

After waking up at 7:00 a.m. on the following morning, a Saturday, the two engaged in sexual intercourse a third time. The Defendant did not use a condom on this occasion, whereas he had used a condom at least once the night before. Three or four hours later, the Defendant's brother knocked on the door. Neither the Defendant nor the victim answered, and the victim quickly moved to an adjoining room. The Defendant's brother also tapped on the bedroom window, but when the Defendant did not respond, he left. Afterward, at approximately 11:30 a.m., the Defendant and the victim engaged in sexual intercourse a fourth time.

Later, the victim washed again, and the Defendant laundered her clothes. A fifth sexual encounter apparently took place in the late afternoon on Saturday. The victim did not shower, bathe, or douche afterward, and she wore the same underwear on both Friday and Saturday.

After dark, at about 9:15 p.m., the Defendant drove the victim back to her residence in Arkansas, a distance of fifteen to twenty miles. The Defendant dropped her off at the entrance of the driveway in an effort to avoid any suspicion that he had been with the victim during the time she was away. When the victim entered her residence, her mother, who was crying, questioned her about where she had been. Fearing that the truth would get the Defendant in trouble, she falsely claimed that she had spent the night at a friend's house. When the police arrived several minutes later in response to a prior call from the victim's mother, the victim changed her story, admitting that she had been with the Defendant and providing details of what had actually transpired. The officer drove her to Crittenden Regional Hospital in West Memphis, Arkansas, where she was examined for several hours. She acknowledged to a nurse that she and the Defendant had engaged in sexual intercourse, during which he had ejaculated in her vagina. The victim claimed to the police that she had attempted to contact her mother by telephone, but was unable to do so because her mother had blocked all calls from unknown numbers. She also stated that she chose to return to her home after dark because her father worked outside during the day, implying that he would have seen her with the Defendant had she returned earlier.

Ebertina Halfacre, a lieutenant in the sex crimes unit of the Memphis Police Department, interviewed the victim on the following Monday. The victim identified the Defendant from a photographic array, and afterward, Lieutenant Halfacre was able to determine that the Defendant was forty-two years of age. Lieutenant Halfacre acquired a warrant and conducted a search of the Defendant's residence. Bed linens and towels were taken for testing, and the police took several photographs of the interior of the residence. On the day following the search, a warrant was issued for the Defendant's arrest. He was later indicted by the Shelby County grand jury for aggravated statutory rape. See Tenn. Code Ann. § 39-13-506(c) (Supp. 2008).

At trial, the victim offered testimony largely consistent with her statement to the police. Lieutenant Halfacre testified that the victim had provided an accurate description of the interior of the Defendant's residence with only minor exceptions; for example, the victim had told her that there were photographs of children on the wall, and she remembered where the face towels were kept. According to Lieutenant Halfacre, the victim was also able to describe the black shower curtain, the white bathroom floors, the floral comforter on the bed, the television in the bedroom, the layout of the kitchen, and the color of the sofa.

The victim's mother testified that when she did not hear from her daughter after school on Friday, she went to the location of the football game. Unable to find her daughter there, she returned to her residence at 6:30 or 7:00 p.m., thinking she had just missed her. The victim's mother further testified that she stayed up late waiting for the victim and, when she did not return, assumed that the victim had spent the night with a girlfriend, which was unusual because she had not asked permission to do so. She recalled that at 6:00 a.m. on Saturday, she drove to the victim's friend's residence and was then directed to the residence of another friend. At about 10:00 or 11:00 a.m., when the victim's mother discovered that neither of the victim's friends had seen her, she contacted the police, who issued an AMBER alert.[2] The victim's mother then showed a photograph of the victim to several of the young people in the area in an effort to find her. At approximately 1:00 p.m., she went to the YM Grocery Store. The owner confirmed that he had seen her, but had no knowledge as to her whereabouts. When the victim returned on Saturday night, her mother contacted the police and, as indicated, overheard much of the victim's statement to the police before she was taken to the local hospital for examination. The victim's mother acknowledged that the Defendant had been to her residence on prior occasions, explaining that her husband and the Defendant had grown up together.

When the State rested its case, the Defendant moved for a judgment of acquittal, asserting that the evidence offered by the State was insufficient as a matter of law to support a conviction for aggravated statutory rape. The trial court denied the motion.

Although the Defendant did not testify at trial, he called several witnesses to testify on his behalf. Tim Chandler, owner of Chandler Demolition Company, testified that the Defendant had worked from 7:00 a.m. to 4:00 p.m. at the Levy Road landfill location on

_____

[2] The "AMBER alert" program, which stands for "America's Missing: Broadcast Emergency Response," is a child abduction alert system established in several states, including Tennessee, following the abduction and murder of nine-year-old Amber Hagerman in the Dallas/Fort Worth area. See Lisa Rodriguez, A National Amber Alert Plan: Saving America's Children, 28 Seton Hall Legis. J. 169, 176 (2003); Tenn. Bureau of Investigation, AMBER Alert, Tn.gov, http://www.tbi.tn.gov/missing_children/amber_alert.shtml (last visited Aug. 1, 2013).

Friday, September 5, 2008. Mr. Chandler estimated that he would have last seen the Defendant at approximately 4:15 p.m., based upon the time of travel from the landfill to the company office where the Defendant checked out. The business records of the company established that the Defendant continued to work for Chandler Demolition until his arrest.

Willie Crump, also an employee of Chandler Demolition, testified that he and the Defendant left work at 4:00 p.m. and that he accompanied the Defendant to a store across the street from the job site so they could cash their paychecks. According to Mr. Crump, the Defendant drove him to his residence, dropping him off there at 4:30 p.m. He did not recall the Defendant taking any telephone calls during this period of time.

Qadriyyah Debnam, a forensic serologist with the Tennessee Bureau of Investigation, was also called as a defense witness. Dr. Debnam, who had been provided with the sexual assault kit by the police, examined a blood sample of the victim and her vaginal swabs, rectal swabs, oral swabs, underwear, and clothing. She also received a saliva sample from the Defendant for comparison purposes. According to Dr. Debnam, there was no semen present in the oral swab of the victim or on her underwear. Although Dr. Debnam did find semen in the crotch area of the victim's jeans, she found no sperm. She could not determine when the semen was deposited on the jeans. She testified that it was unusual not to find semen on underwear which had been worn after sex, absent the use of a condom. In summary, the only DNA Dr. Debnam found in her investigation was that of the victim.

At the conclusion of all proof, the Defendant again made a motion for judgment of acquittal, which the trial court denied. The jury found the Defendant guilty of aggravated statutory rape, a Class D felony. See Tenn. Code Ann. § 39-13-506(d)(3). The trial court classified the Defendant as a Range II multiple offender and imposed a four-year sentence with a release eligibility of 35%. See id. § 40-35-501(d) (2006).

On appeal to the Court of Criminal Appeals, the Defendant challenged the sufficiency of the evidence, asserting that the trial court should have granted both of his motions for judgment of acquittal because the victim qualified as an accomplice to the offense and the State failed to present adequate corroborating evidence of her testimony, as is required by law. The Court of Criminal Appeals affirmed the conviction, holding that the Defendant had waived any error as to the denial of his first motion for judgment of acquittal and that the proof sufficiently corroborated the victim's testimony. State v. Collier, No. W2010-01606-CCA-R3-CD, 2012 WL 2849495, at *5, *9 (Tenn. Crim. App. July 11, 2012). Judge Jerry L. Smith, writing for the court, cited the common law rule that a consenting minor victim thirteen years of age or older is considered an accomplice in a statutory rape, but criticized the rationale for the rule, see id. at *7, as he had previously done several years ago in State v. Pitts:

We are perplexed as to how a "victim" can be an "accomplice" under any circumstance. The two terms are mutually exclusive under Tennessee law. A "victim" is statutorily defined as "the person alleged to have been <u>subjected</u> to criminal sexual conduct." Tenn. Code Ann. § 39-13-501(8) (1991) (emphasis added). However, an "accomplice" is one who "knowingly, voluntarily, and with common intent <u>unites with</u> the principal offender in the commission of a crime." <u>State v. Green</u>, 915 S.W.2d 827, 831 (Tenn. Crim. App. 1995) (emphasis added). Furthermore, the "test" to determine if a person is an accomplice to an offense is whether that person could be indicted for or convicted of that offense[, and a victim does not qualify under that standard]. [<u>Id.</u>]; <u>State v. Lawson</u>, 794 S.W.2d 363, 369 (Tenn. Crim. App. 1990).

No. 01C01-9701-CC-00003, 1999 WL 144744, at *5 n.7 (Tenn. Crim. App. Mar. 18, 1999). Despite this criticism, the Court of Criminal Appeals applied the rule requiring corroborative evidence of the victim's testimony and found that the State had met its burden of proof. <u>Collier</u>, 2012 WL 2849495, at *9.

We granted the application for permission to appeal in order to examine the propriety of the holdings in a series of cases beginning in 1895 which have developed a rule that a minor victim between thirteen and seventeen years of age, who consents to a sexual act involving an adult defendant, qualifies as an accomplice to the crime whose testimony must be corroborated.[3] If the victim of a statutory rape cannot be classified as an accomplice, then no corroboration is necessary to uphold the Defendant's conviction based upon the testimony of the victim.

## II. Analysis
### A. Denial of Motion for Judgment of Acquittal

We first address the trial court's denial of the Defendant's motion for judgment of acquittal at the conclusion of the State's proof, a motion that the Defendant also made at the conclusion of all of the proof at trial. As indicated, the Court of Criminal Appeals found that the Defendant had waived the issue by offering evidence after the denial of his initial motion for a judgment of acquittal.

Tennessee Rule of Criminal Procedure 29 provides in pertinent part as follows:

---

[3] In 1991, the accomplice corroboration rule was modified by statute to provide that, regardless of consent, children under the age of thirteen may not be considered an accomplice to sexual penetration or sexual contact. <u>See</u> Tenn. Code Ann. § 40-17-121 (2006).

(a) Directed Verdict Abolished. Motions for directed verdict are abolished and are replaced by motions for judgment of acquittal.

(b) Grounds for Judgment of Acquittal. On defendant's motion or its own initiative, the court shall order the entry of judgment of acquittal of one or more offenses charged in the indictment, presentment, or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses.

(c) Proof After Denial of Motion. If—at the close of the state's proof—the court denies a defendant's motion for judgment of acquittal, the defendant may offer evidence without having reserved the right to do so.

(d) Reserving Decision on Motion at Close of Evidence. If a motion for judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury, and decide the motion:

> (1) before the jury returns a verdict;
>
> (2) after it returns a verdict of guilty; or
>
> (3) after it is discharged without having returned a verdict.

Tenn. R. Crim. P. 29.[4]

The Court of Criminal Appeals has consistently held that upon a motion for judgment of acquittal, whether at the conclusion of the State's proof or after all the proof at trial, "the trial judge is concerned only with the legal sufficiency of the evidence and not with the weight of the evidence." State v. Hall, 656 S.W.2d 60, 61 (Tenn. Crim. App. 1983); see also State v. Blanton, 926 S.W.2d 953, 957 (Tenn. Crim. App. 1996); State v. Adams, 916 S.W.2d 471, 473 (Tenn. Crim. App. 1995). This Court has observed that "[t]his rule empowers the trial judge to direct a judgment of acquittal when the evidence is insufficient to warrant a

_____

[4] Federal Rule of Criminal Procedure 29 is different than the state rule. The federal rule was amended in 1994 to allow trial courts in the federal system to reserve ruling on a motion for judgment of acquittal at the conclusion of the government's proof. See Fed. R. Crim. P. 29(b). In such an event, however, the trial court "must decide the motion on the basis of the evidence at the time the ruling was reserved." Id. The Advisory Committee Notes point out that federal appellate courts, in considering the ruling of a trial court, are "similarly limited."

conviction either at the time the state rests or at the conclusion of all the evidence." State v. James, 315 S.W.3d 440, 455 (Tenn. 2010) (citing Overturf v. State, 571 S.W.2d 837, 839 & n.2 (Tenn. 1978)).

In Mathis v. State, this Court held that a defendant had waived his right to appeal from the trial court's denial of his motion for a judgment of acquittal at the end of the State's proof because, rather than "clos[ing] his case at the conclusion of the State's proof," he "participat[ed] in the trial by the cross-examination of his co-defendant." 590 S.W.2d 449, 453 (Tenn. 1979). More recently, in Finch v. State, this Court observed that trial courts must rule immediately on a motion for judgment of acquittal made after the close of the State's proof. 226 S.W.3d 307, 313 n.3 (Tenn. 2007). Citing with approval the holding in Mathis, this Court further observed that a defendant must stand on the motion rather than offering proof or even cross-examining a co-defendant's witness during the remainder of the trial or else waive the issue. Id. at 316-17. In Finch, however, we found that the proof offered by the State during its case-in-chief was legally sufficient at that point in the trial to sustain a conviction, and, therefore, a post-conviction petitioner had no grounds for relief on a claim that his counsel had been ineffective by continuing to participate in the trial after the motion was denied. Id. at 320.[5]

In this instance, the trial court denied the motion and, thereafter, the Defendant chose to call witnesses and present proof. For that reason, he did waive any claim of error for failure to grant the motion for judgment of acquittal at the conclusion of the proof offered by the State, as held by the Court of Criminal Appeals, but did not, of course, either waive his right to appeal the denial of the motion made at the close of all of the proof or to challenge the sufficiency of the convicting evidence.

## B. Sufficiency of the Evidence

The Defendant contends that the trial court should have granted his motion for judgment of acquittal at the close of all of the proof because the victim was an accomplice to the crime, meaning that absent independent corroboration of her testimony, the evidence was insufficient as a matter of law. The State first asserts that this Court should no longer require corroboration of the testimony of a victim of statutory rape, and, second, submits that if corroboration is required, the proof presented at trial is sufficient.

---

[5] As this Court noted in Finch, see id. at 317, a majority of jurisdictions apply the waiver rule on the theory that the "rule eliminates the bizarre result that could occur in its absence, namely, that a conviction could be reversed for evidentiary insufficiency, despite evidence in the record sufficiently establishing guilt." State v. Perkins, 856 A.2d 917, 933 (Conn. 2004).

When a motion for a judgment of acquittal is made at the close of all of the evidence, "the trial court must favor the opponent of the motion with the strongest legitimate view of the evidence, including all reasonable inferences, and discard any countervailing evidence." James, 315 S.W.3d at 455 (citing Hill v. State, 470 S.W.2d 853, 858 (Tenn. Crim. App. 1971)). "The standard by which the trial court determines a motion for a judgment of acquittal is, in essence, the same standard that applies on appeal in determining the sufficiency of the evidence after a conviction." State v. Little, No. E2009-01796-SC-R11-CD, 2013 WL 1165376, at *8 (Tenn. Mar. 22, 2013) (citing State v. Ball, 973 S.W.2d 288, 292 (Tenn. Crim. App. 1998); State v. Anderson, 880 S.W.2d 720, 726 (Tenn. Crim. App. 1994)). That is, "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Davis, 354 S.W.3d 718, 729 (Tenn. 2011) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)); see also Tenn. R. App. P. 13(e) (providing that a conviction will be upheld if the evidence presented at trial "support[s] the finding by the trier of fact of guilt beyond a reasonable doubt").

If solely based upon the uncorroborated testimony of one or more accomplices, the longstanding rule is that the evidence is insufficient to sustain a conviction. Little, 2013 WL 1165376, at *8 (citing Sherrill v. State, 321 S.W.2d 811, 814-15 (Tenn. 1959); Prince v. State, 529 S.W.2d 729, 732 (Tenn. Crim. App. 1975)). An accomplice has been traditionally defined as one who knowingly, voluntarily, and with common intent with the principal unites in the commission of a crime. State v. Bough, 152 S.W.3d 453, 464 (Tenn. 2004); Clapp v. State, 30 S.W. 214, 216 (Tenn. 1895). As indicated, in order to determine whether a witness qualifies as an accomplice, the test generally used is "whether the alleged accomplice could be indicted for the same offense charged against the defendant." Monts v. State, 379 S.W.2d 34, 43 (Tenn. 1964); see also Bough, 152 S.W.3d at 464. When the facts concerning an individual's involvement in the events of a case are undisputed, as is the case here, the issue of whether the individual qualifies as an accomplice is a question of law, which is subject to de novo review without any presumption of correctness of the holdings of the trial court or the Court of Criminal Appeals. State v. Robinson, 146 S.W.3d 469, 509 (Tenn. 2004); see also Blair v. Brownson, 197 S.W.3d 681, 683 (Tenn. 2006).

As noted, the sole offense at issue is aggravated statutory rape, a Class D felony which is defined as "the unlawful sexual penetration of a victim by the defendant, or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least ten (10) years older than the victim." Tenn. Code Ann. § 39-13-506(c).[6] "Sexual penetration," as the term is used in the statutory rape law, is

_____

[6] Statutory rape, a Class E felony, involves sexual penetration where the victim is thirteen to fourteen
(continued...)

defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of the victim's, the defendant's, or any other person's body, but emission of semen is not required." Id. § 39-13-501(7) (2006). Consent is not a defense to any form of statutory rape. State v. McKnight, 900 S.W.2d 36, 48 (Tenn. Crim. App. 1994), abrogated on other grounds by State v. Williams, 977 S.W.2d 101 (Tenn. 1998).

Although the trend has been otherwise, Tennessee has remained among a small minority of jurisdictions that have adhered to the rule classifying a victim of a statutory rape as an accomplice and requiring corroborative evidence. See Vitauts M. Gulbis, Annotation, Modern Status of Rule Regarding Necessity for Corroboration of Victim's Testimony in Prosecution for Sexual Offense, 31 A.L.R. 4th 120 § 4[c] (1984 & Supp. 2012); see also Michelle J. Anderson, The Legacy of the Prompt Complaint Requirement, Corroboration Requirement, and Cautionary Instructions on Campus Sexual Assault, 84 B.U. L. Rev. 945, 958 n.66 (2004) (noting that by 1990, the majority of jurisdictions had abolished the corroboration requirement in sex offense cases). A review of the development of this area of our common law is helpful to our analysis.

The minority rule in Tennessee had its beginnings over one hundred years ago, arising from a charge of incest, a crime for which each of the two individuals involved could have been charged. Shelley v. State, 31 S.W. 492, 492-93 (Tenn. 1895). The defendant in Shelley had been convicted based solely upon the testimony of the victim, the daughter of the defendant's half-sister. Id. at 493. This Court reversed the conviction, holding that a consenting victim to incest qualified as an accomplice and that corroborative evidence was essential to uphold the verdict. Id. Later, in Sherrill v. State, the defendant was charged with a crime against nature, a felony offense. 321 S.W.2d at 812. The victims, ten and eleven-year-old boys who had accepted pay in exchange for the performance of sexual acts, provided uncorroborated testimony of the crime. Id. at 813. The Court set aside the convictions, holding that the two boys, although minors, were accomplices, and further ruling that a statement of one accomplice could not serve as corroboration for another. Id. at 814-15. Deeming the corroboration requirement a "very salutary rule," the Court indicated that the testimony of minor sex offense victims "should be taken with great caution" and rejected

---

[6](...continued)

years of age and the defendant is at least four but less than ten years older, or where a victim is between fifteen and seventeen years of age and the defendant is at least five but less than ten years older. Id. § 39-13-506(b)(1)–(2), (d)(2). Mitigated statutory rape, also a Class E felony, is defined as sexual penetration where the victim is fifteen to seventeen years of age and the defendant is at least four but not more than five years older. Id. § 39-13-506(a), (d)(1).

a contention by the State that corroboration should not be required in the case of "children of tender years [who] are incapable of consenting to [the crime charged]." Id.

In the following year, this Court heard an appeal by a defendant from a conviction for carnal knowledge of his wife's daughter from a prior marriage, which allegedly took place over a two or three-year period when she was approximately fifteen to sixteen years of age. Scott v. State, 338 S.W.2d 581, 582-83 (Tenn. 1960). Citing Sherrill, the Court held that the corroboration requirement applied "in sex cases even where the accomplice is a child of such tender years as to be incapable of consenting to such crime." Id. at 583. Because the Court concluded that a minor victim who voluntarily consented to sexual activity qualified as an accomplice, the conviction was reversed for the lack of corroborating evidence. Id. at 583-84.

Four years later, in Monts, this Court confirmed that the general test for identifying an accomplice was "whether the alleged accomplice could be indicted for the same offense charged against the defendant." 379 S.W.2d at 43. Based on Sherrill and Scott, however, the Court recognized an "exception" to the general test in those instances "where the accomplice or participant in the defendant's crime is a child of such tender years as to be incapable of consenting to the crime in which he participates," observing that "[c]orroboration in such a case is required even though under the [general] test, the child would not be considered an accomplice."[7] Id. The rule that has emerged from this line of cases is that a minor, even though legally incapable of being charged with a sex crime because of his or her age, may nevertheless qualify as an accomplice whose uncorroborated testimony cannot support a conviction.[8] See, e.g., Boulton v. State, 377 S.W.2d 936, 938 (Tenn. 1964) (reversing conviction of crime against nature because of inadequate corroboration of testimony provided by fourteen-year-old victim); see also State v. Schimpf, 782 S.W.2d 186, 196 (Tenn. Crim. App. 1989), superseded by statute, Tenn. Code Ann. § 40-17-121, as recognized in Pitts, 1999 WL 144744, at *6; Bethany v. State, 565 S.W.2d 900, 903 (Tenn. Crim. App. 1978); Henley v. State, 489 S.W.2d 53, 55-56 (Tenn. Crim. App. 1976).

_____

[7] Of note, while the Court in Monts was the first to label this as an exception to the general test for determining whether a witness is an accomplice, Monts itself was a murder case that did not involve a sex crime, a minor victim, or a minor accomplice. See id. at 36-38, 42-43.

[8] While following the general rule that minor victims of sex offenses may qualify as accomplices, Tennessee courts have long held that both minor and adult victims of forcible or coercive sex offenses, such as simple rape, do not qualify as accomplices and are not subject to any corroboration requirement. See McKnight, 900 S.W.2d at 48 (citing Montgomery v. State, 556 S.W.2d 559, 560 (Tenn. Crim. App. 1977)).

In State v. Garner, the Court of Criminal Appeals applied this reasoning to statutory rape, classifying a consenting victim as an accomplice to the crime, even though the minor victim could not have been indicted for the crime.[9] No. 03C01-9205-CR-00178, 1993 WL 3474, at *2-3 (Tenn. Crim. App. Jan. 11, 1993); accord State v. Anderson, No. M2008-01377-CCA-R3-CD, 2009 WL 3103790, at *7 (Tenn. Crim. App. Sept. 28, 2009); State v. Smith, No. M2004-01457-CCA-R3-CD, 2005 WL 1541874, at *10 (Tenn. Crim. App. June 29, 2005); State v. Rainey, No. M2001-01870-CCA-R3-CD, 2003 WL 21302993, at *10-11 (Tenn. Crim. App. June 6, 2003); State v. Ballinger, 93 S.W.3d 881, 887-88 (Tenn. Crim. App. 2001); State v. Reeves, No. 01C01-9711-CR-00515, 1999 WL 155926, at *4 (Tenn. Crim. App. Mar. 23, 1999); McKnight, 900 S.W.2d at 48-49. The Defendant asks this Court to uphold the rule followed in each of these cases and to hold that the State failed to offer proof adequately corroborating the testimony of the victim.

### 1. Legislative Argument

The Defendant first argues that we should require corroborative evidence in this instance based on a statutory provision, enacted in 1991, which provides that

> [i]f the alleged victim of a sexual penetration or sexual contact within the meaning of § 39-13-501 is less than thirteen (13) years of age, the victim shall, regardless of consent, not be considered to be an accomplice to sexual penetration or sexual contact, and no corroboration of the alleged victim's testimony shall be required to secure a conviction if corroboration is necessary solely because the alleged victim consented.

Act of Apr. 29, 1991, ch. 719, § 1, 1991 Tenn. Pub. Acts 430 (codified at Tenn. Code Ann. § 40-17-121). The Defendant asserts that because the General Assembly limited the scope of this provision to apply to sex crime victims twelve years and younger that the testimony of victims who are between thirteen to seventeen years old continues to require corroboration. As further support for his claim, the Defendant points out that our General Assembly at one time recognized as a defense to statutory rape that "the victim was . . . at least fourteen (14) years of age and had, prior to the time of the alleged offense engaged promiscuously in sexual penetration." Tenn. Code Ann. § 39-13-506(b) (1991), repealed by Act of Apr. 8, 1994, ch. 719, 1994 Tenn. Pub. Acts 410. While conceding that this statute

---

[9] Garner appears to be the first appellate decision in this state applying the accomplice corroboration rule to a victim of statutory rape. While earlier decisions had required corroboration of the testimony of statutory rape victims, they did not classify the victims as accomplices, but rather required corroboration based on a statute, no longer in effect, which required corroboration of a victim's testimony to sustain a charge of abuse of a female under the age of twenty-one. See, e.g., Bledsoe v. State, 185 S.W. 1073, 1073 (Tenn. 1916) (citing Act of Apr. 13, 1911, ch. 36, § 1, 1911 Tenn. Pub. Acts 70, 70).

was repealed in 1994, the Defendant maintains that the repeal "did not eradicate the requirement that the testimony of an accuser who factually consented to the prohibited conduct must be corroborated."

Legislative inaction is ordinarily irrelevant to the interpretation of existing statutes. See House v. Estate of Edmondson, 245 S.W.3d 372, 387 (Tenn. 2008). This Court has held that "[s]ilence in a statute is not affirmative law" and "does not preclude application of the common law." Id.; Freeman Indus., LLC v. Eastman Chem. Co., 172 S.W.3d 512, 519 (Tenn. 2005); see also United States v. Craft, 535 U.S. 274, 287 (2002) (holding that congressional inaction lacks persuasive significance for purposes of statutory interpretation); Broad. Music, Inc. v. Roger Miller Music, Inc., 396 F.3d 762, 774 (6th Cir. 2005) (noting that courts should not assume that any particular cause explains congressional inaction). As is relevant here, the General Assembly has remained silent as to whether victims of sex offenses who are minors from thirteen to seventeen years of age may be considered accomplices whose testimony must be corroborated. That silence, in our assessment, does not require that victims in that age grouping be considered accomplices. We decline, therefore, to read either section 40-17-121 or the repeal of the statutory promiscuity defense as the codification of a corroboration requirement for victims of statutory rape within that age range. Moreover, because the enactment of section 40-17-121 predated the earliest judicial application of the corroboration requirement to a victim of statutory rape, see Garner, 1993 WL 3474, at *2-3, it cannot be viewed as a legislative ratification of the corroboration requirement for victims of that offense. In our view, therefore, the terms of Tennessee Code Annotated section 40-17-121 and the repeal of the promiscuity defense to statutory rape do not preclude our consideration of whether, as a matter of common law, the testimony of a victim of statutory rape requires corroboration.

## 2. Common Law Argument

The Defendant next asks us to endorse the minority view, find that the victim of a statutory rape should be classified as an accomplice, and hold that the State failed to provide the requisite corroboration. Most state courts, however, have adopted what we now believe to be a preferable course. The Texas Court of Appeals, for example, has ruled that a victim of statutory rape is never considered an accomplice whose testimony must be corroborated. Tyrone v. State, 854 S.W.2d 153, 156 (Tex. App. 1993). Tyrone was convicted of the statutory rape of his fifteen-year-old step-granddaughter. Id. at 154-55. On appeal, he challenged the sufficiency of the convicting evidence because the testimony of the victim lacked independent corroboration. Id. Tyrone relied on Texas Rule of Criminal Procedure 38.14, which required the corroboration of an accomplice's testimony, and an earlier opinion of the Texas Court of Criminal Appeals holding that "a female who consents to or voluntarily enters into an incestuous intercourse is an accomplice witness." Brown v. State, 657 S.W.2d 117, 118 (Tex. Crim. App. 1983). The Texas court distinguished incest from statutory rape,

holding that a victim of statutory rape, always being a minor, "cannot legally consent and is not an accomplice." Tyrone, 854 S.W.2d at 156.

Many state courts, like the Texas Court of Appeals, have held that minor victims of statutory rape should not be considered accomplices because the law does not grant them the capacity to legally consent to prohibited sexual acts. See, e.g., Durham v. State, 250 So. 2d 693, 695 (Ala. Crim. App. 1969) ("[A] girl under sixteen years of age cannot give legal assent. Therefore, she cannot be particeps criminis in statutory rape and, consequently, no corroboration is necessary."), abrogated on other grounds by Anonymous v. State, 507 So. 2d 972, 975 (Ala. 1987); State v. Pollock, 114 P.2d 249, 250 (Ariz. 1941) (holding that a "conviction can be had upon the uncorroborated testimony of the prosecutrix unless her story is physically impossible, or so incredible that no reasonable man could believe it"); People v. Kemp, 34 P.2d 502, 504 (Cal. Dist. Ct. App. 1934) (holding that corroboration of a victim's testimony was not required because, as a minor, she could not consent to prohibited sexual acts or be considered an accomplice).

Today, we join the vast majority of states that have addressed the issue[10] by rejecting the application of the accomplice corroboration rule to victims of statutory rape. As a matter of law, a minor is indeed incapable of consenting to a statutory rape. See McKnight, 900 S.W.2d at 48 (noting that consent is not a defense to statutory rape); see also Phillipson v. State, 943 So. 2d 670, 672 (Miss. 2006) ("[A] minor that fits the criteria [for statutory rape] does not have the legal power to consent."). Moreover, as observed by our Court of Criminal Appeals in this case, it is impossible for a victim of statutory rape to meet the traditional test for determining accomplice status, which is whether the alleged accomplice could be indicted for the same offense charged against the defendant. See Collier, 2012 WL 2849495, at *7

---

[10] In addition to the states listed above, other jurisdictions that do not apply an accomplice corroboration requirement to victims of statutory rape include Alaska, Arkansas, the District of Columbia, Idaho, Indiana, Iowa, Kentucky, Louisiana, Maine, Maryland, Missouri, New Hampshire, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Washington, and Wisconsin. See Vitauts M. Gulbis, Annotation, Modern Status of Rule Regarding Necessity for Corroboration of Victim's Testimony in Prosecution for Sexual Offense, 31 A.L.R. 4th 120 § 4[a] (1984 & Supp. 2012). Jurisdictions that maintain some form of a corroboration requirement for victims of statutory rape include Georgia, Mississippi, and New York. See Agan v. State, 737 S.E.2d 347, 348-49 (Ga. Ct. App. 2013) (citing Ga. Code Ann. § 16-6-3(a)); Anderson v. State, 62 So. 3d 927, 943 (Miss. 2011) (requiring corroboration only if the victim's testimony has been discredited or contradicted by other credible evidence); People v. Novack, 622 N.Y.S.2d 783, 784 (N.Y. App. Div. 1995) (citing N.Y. Penal Law § 130.16) (requiring corroboration in sex offense case involving intellectually disabled victim). But see People v. Lamphier, 754 N.Y.S.2d 482, 484 (N.Y. App. Div. 2003) ("[T]here is no requirement of corroboration of the victim's sworn testimony in the prosecution of a sex act to which the victim is deemed incapable of consenting based on his or her age.").

(citing Pitts, 1999 WL 144744, at *5 n.7). Applying this standard, a statutory rape victim can never be charged in the same offense because all forms of statutory rape require the defendant to be a specified number of years older than the minor victim. See Tenn. Code Ann. § 39-13-506(a)–(c).

Courts in our state have required corroboration based on an exception to the general accomplice rule, which applies "in sex cases even where the accomplice is a child of such tender years as to be incapable of consenting to such crime." Scott, 338 S.W.2d at 583. In our view, no defensible reason exists to justify our continued recognition of this exception. This Court suggested in Sherrill that the basis for the exception was that "children of tender years have great imagination and do not appreciate the seriousness of their testimony and thus it is easier for them to fabricate a tale." 321 S.W.2d at 815. The Court in Sherrill also cited Ball v. State, which included a lengthy discussion of how courts should evaluate the testimony of young children. See 219 S.W.2d 166, 167-68 (Tenn. 1949). These considerations no longer carry the day. First, as courts and commentators alike have noted, "there is no evidence showing that sex crime charges are frequently falsified or that sexual victims are an inherently unreliable class whose testimony should not be believed in the absence of corroboration." State v. Byers, 627 P.2d 788, 790 (Idaho 1981) (citing People v. Rincon-Pineda, 538 P.2d 247, 257 (Cal. 1975); Note, The Rape Corroboration Requirement: Repeal Not Reform, 81 Yale L.J. 1365, 1373-78 (1972)). Second, unlike Sherrill and Ball, which involved the testimony of younger children, our holding in this case pertains exclusively to victims of sex offenses who are thirteen to seventeen years of age, as the corroboration requirement has been legislatively abolished for younger victims. Tenn. Code Ann. § 40-17-121. Third, and finally, it has long been the rule in our state that the uncorroborated testimony of a minor victim may be sufficient to sustain a conviction for forcible or coercive sex offenses such as simple rape. See McKnight, 900 S.W.2d at 48 (citing Montgomery, 556 S.W.2d at 560). We find no reason to impose a more demanding standard for other sex offenses, such as statutory rape, where minor victims are by definition excluded from being charged. See Gary v. United States, 499 A.2d 815, 833 (D.C. 1985) ("[T]here [is no] logical reason to raise barriers to the jury evaluation of the credibility of a minor in a sex offense where we do not require it in other situations.").

"The power of this Court to overrule former decisions 'is very sparingly exercised and only when the reason is compelling.'" In re Estate of McFarland, 167 S.W.3d 299, 306 (Tenn. 2005) (quoting Edingbourgh v. Sears, Roebuck & Co., 337 S.W.2d 13, 14 (Tenn. 1960)). In this instance, we find that there is no valid basis to uphold the minority view, which needlessly and improperly frustrates the prosecution of sex offenses involving minor victims. See United States v. Sheppard, 569 F.2d 114, 118 (D.C. Cir. 1977) ("The corroboration requirement poses a potentially severe obstacle to legitimate convictions for sex offenses. Operation of the rule serves to foreclose jury consideration of cases in which

a highly credible complainant prosecutes charges, on the basis of her testimony alone, against a defendant whose account of the events is clearly less credible." (footnote omitted)); Byers, 627 P.2d at 790 (observing that unnecessarily requiring corroboration of victims' testimony "prevents both the reporting and the successful prosecuting of sex crimes"). Accordingly, we overrule all prior Tennessee decisions recognizing the exception that requires corroboration of the testimony of a minor victim of a sex offense despite the fact that the minor could not be charged with the offense. See, e.g., Monts, 379 S.W.2d at 43; Scott, 338 S.W.2d at 583; Sherrill, 321 S.W.2d at 815. Furthermore, because a victim of statutory rape cannot be charged with that offense, and thus does not qualify as an accomplice under the general accomplice rule, we specifically overrule all decisions of our Court of Criminal Appeals requiring corroboration of the testimony of victims of statutory rape. See, e.g., Anderson, 2009 WL 3103790, at *7; Smith, 2005 WL 1541874, at *10; Rainey, 2003 WL 21302993, at *10-11; Ballinger, 93 S.W.3d at 887-88; Reeves, 1999 WL 155926, at *4; McKnight, 900 S.W.2d at 48-49; Garner, 1993 WL 3474, at *2-3.

Finally, having determined that no corroboration of the victim's testimony is required, we conclude that the evidence presented at trial was sufficient for a rational trier of fact to find the essential elements of aggravated statutory rape beyond a reasonable doubt. See Davis, 354 S.W.3d at 729. The testimony of the victim, along with the other evidence adduced at trial, demonstrated multiple incidents of sexual penetration between the fourteen-year-old victim and the forty-two-year-old Defendant on September 5 and 6, 2008, which is plainly sufficient to establish the elements of aggravated statutory rape. See Tenn. Code Ann. § 39-13-506(c).

### III. Conclusion

In summary, the Defendant has waived any issue as to the denial of his motion for a judgment of acquittal made at the close of the State's proof, and the evidence presented at trial—including the testimony of the victim, which need not be corroborated—is sufficient to sustain the Defendant's conviction for aggravated statutory rape. The judgment of the Court of Criminal Appeals is, therefore, affirmed. It appearing that the Defendant is indigent, costs are adjudged against the State.

_____
GARY R. WADE, CHIEF JUSTICE