IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs September 10, 2015


**KENNETH THOMPSON ANDERSON v. STATE OF TENNESSEE**


**Appeal from the Criminal Court for Davidson County**
**No. 2006-C-2268     Monte Watkins, Judge**

_____


**No. M2014-01812-CCA-R3-HC – Filed February 5, 2016**

_____


Kenneth Thompson Anderson ("the Petitioner") filed a petition for habeas corpus relief, alleging that he was denied pretrial and post-judgment jail credits. After a hearing, the habeas corpus court denied relief. Upon review, we conclude that habeas corpus relief is not available in this case. The judgment of the habeas corpus court is affirmed.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**


THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

David Harris (on appeal), Nashville, Tennessee, and Eliot Kerner (at hearing), Franklin, Tennessee, for the appellant, Kenneth Thompson Anderson, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Glenn Funk, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

*Factual and Procedural Background*

*Trial and Direct Appeal*

We will refer to the victims by initials. Following a jury trial, the Petitioner was convicted of five counts of statutory rape and two counts of assault against J.T. State v. Kenneth Thompson Anderson, Jr., No. M2008-01377-CCA-R3-CD, 2009 WL 3103790, at *1 (Tenn. Crim. App. Sept. 28, 2009), overruled on other grounds by State v. Collier,

411 S.W.3d 886 (Tenn. 2013) ("Anderson I"). The trial court imposed partial consecutive sentences for a total effective sentence of eight years, with one year to be served "day-for-day" in confinement and the remaining seven years to be served on probation. Id. The trial court later granted the Petitioner's request for pretrial jail credits. Id. at *16. On appeal, this court vacated the Petitioner's convictions for assault. Id. at *3-4. Additionally, this court affirmed the length and consecutive alignment of the Petitioner's sentences but ordered "that the direction that the sentence be served 'day-for-day' be deleted from the judgment." Id. at *16-18. The judgments were amended accordingly and are included in the record on this appeal.

From the record on this appeal, it appears that the Petitioner began serving his effective eight-year sentence on April 3, 2008. The record includes an Amended Judgment, entered on August 7, 2008, which states that the Petitioner was entitled to pretrial jail credit for February 3, 2006 - March 1, 2006, and that such credit applied to the Petitioner's sentences for the offenses involving J.T. In another Amended Judgment dated November 14, 2013 as to jail credits, the trial judge ordered that jail credits for February 4, 2006 - March 1, 2006 and April 4, 2008 - December 12, 2008 be applied to one of the Petitioner's sentences involving J.T.

The Petitioner was also convicted of eight counts of sexual battery by an authority figure against A.S. State v. Kenneth Thompson Anderson, Jr., No. M2009-00494-CCA-R3-CD, 2011 WL 285705, at *1 (Tenn. Crim. App. Jan. 20, 2011), perm. app. denied (Tenn. May 25, 2011) ("Anderson II"). The trial court ordered partial consecutive sentences, for an effective sentence of nine years' incarceration, which would run consecutively to the Petitioner's sentences for the offenses involving J.T.

*Habeas Corpus Proceedings*

On April 22, 2014, the Petitioner filed a pro se Petition for Writ of Habeas Corpus [Relief] ("the Petition"), alleging that he was not properly being credited with time served against his sentence. At a hearing on the Petition, Tennessee Department of Correction Director of Sentence Management Services, Candice Whisman, testified that, at the time of the hearing, the Petitioner's sentences had not yet expired. Ms. Whisman stated that the Petitioner received his effective eight-year sentence on April 3, 2008. He received his effective nine-year sentence on December 5, 2008, and began serving that sentence on that date. Ms. Whisman stated that she received both the 2008 and 2013 judgments for jail credit and that the jail credits contained therein were applied to the Petitioner's suspended sentences. Ms. Whisman noted that her records indicated that, at the time of the hearing, the Petitioner was serving his sentences for the offenses involving A.S. She stated that, because the jail credits were applied to the suspended sentences, the Petitioner could not apply those jail credits to his effective nine-year sentence.

The Petitioner testified that, once this court ordered that the day-for-day provision of his effective eight-year sentence be deleted, the Petitioner was awarded jail credit for April 4, 2008 - December 5, 2008. However, the Petitioner claimed that those credits were supposed to be applied to his effective nine-year sentence. Instead, the jail credit was applied to his suspended, effective eight-year sentence. In short, the Petitioner's complaint was that the jail credit "was not applied to any count that [the Petitioner] ha[d] served." The Petitioner insisted that his jail credits had not been applied and that his effective eight-year sentence had expired. On cross-examination, the following exchange occurred:

> Q: Well, you want the jail credit applied differently than how the Department of Correction applies it, correct?
>
> A: No, the Department of Correction did not apply the jail credits. I went through a declaratory order through the Department of Corrections and they stated the reason why that they had not added the jail credits was because the credits were coming from a suspended sentence, which it wasn't true.
>
> Q: Well, again that's been decided. And you understand you cannot get jail credit for street time, right?
>
> A: I'm not getting jail credit for street time.
>
> Q: I thought that was the whole point.
>
> A: No, the point is that the jail credits were coming from a sentence that I served at CCA. The year day-for-day, that was deleted. That's where the days are coming from. It has nothing to do with the probation that I'm currently serving at the same time I'm doing my sentence.

During closing argument, the Petitioner's counsel summarized his habeas corpus claim, stating:

> And so it seems that by applying the credits to a suspended sentence where it has no effect of his current custodial sentence, it has by definition deprived him of the right to the credits that he would have otherwise earned. And it seems that the only way for [the Petitioner] to have earned those credits is to have a suspended sentence revoked, which necessarily lengthens his time in custody and that the sentence on its face is void.

The habeas corpus court noted from the bench that the jail credit earned from the deletion of the day-for-day provision of the Petitioner's effective eight-year sentence was applied to that effective eight-year sentence, and afterward, the Petitioner began serving

his effective nine-year sentence. In a written order, the habeas corpus court found that neither of the Petitioner's sentences had expired; that the Petitioner began serving his one-year confinement for his effective eight-year sentence on April 3, 2008; that the Petitioner began serving his effective nine-year sentence on December 5, 2008; and that the Petitioner had received credits of up to sixteen days per month toward his effective nine-year sentence. The habeas corpus court found that the Petitioner had failed to establish that his judgments were void or illegal and denied relief.

This timely appeal followed.

*Analysis*

On appeal, the Petitioner argues that (1) the four-year delay between the issuance this court's opinion in Anderson I and the filing of the 2013 Amended Judgment as to Jail Credits "effectively extended the [Petitioner's] sentence by 291 days" and "[h]ad the [Petitioner's] sentence expired during this four year period, the [Petitioner] would have, in fact, been deprived of the pretrial and post-judgment jail credits to which he is statutorily entitled[;]" and (2) that the jails credits should have been applied to the Petitioner's custodial sentence, as opposed to his suspended sentence, and that application of the jail credits to his suspended sentence "had no impact on the [Petitioner's] time in TDOC custody." However, we need not address either of the Petitioner's claims because habeas corpus relief is not available in this case.

The determination of whether habeas corpus relief should be granted is a question of law. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Therefore, we review the habeas corpus court's decision de novo with no presumption of correctness. Id. (citing Killingsworth v. Ted Russell Ford, Inc., 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is guaranteed by the U.S. and Tennessee Constitutions. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. However, the writ has been regulated by statute in Tennessee for more than a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968). "[T]he grounds upon which habeas corpus relief will be granted are narrow." Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when the judgment is void on its face or the petitioner's sentence has expired. Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Id. (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)) (internal quotation marks omitted). Conversely, "[a] voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish

its invalidity." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999) (citing Dykes, 978 S.W.2d at 529).

Our supreme court has enumerated the following non-exclusive categories of "illegal" sentences for the purposes of habeas corpus relief:

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [release eligibility date] where a [release eligibility date] is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute[.]

Davis v. State, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted). The following year, our supreme court provided a more comprehensive analysis of sentencing errors and a general definition of illegal sentences. See generally Cantrell v. Easterling, 346 S.W.3d 445 (Tenn. 2011). The court noted that sentencing errors were inevitable but noted that "[t]he avenue of relief and remedy depends upon what type of error infects the sentence." Id. at 448-49. The court explained that the sentencing errors fall into one of three categories. First, clerical errors "arise simply from a clerical mistake in filling out the uniform judgment document" and may be corrected any time pursuant to Tennessee Rule of Criminal Procedure 36. Id. at 449. Second, appealable errors include "those errors for which the Sentencing Act specifically provides a right of direct appeal[.]" Id. Claims of appealable error generally involve attacks on the correctness of the length, range, or the manner of service of the sentence imposed, and "a challenge to a defendant's sentence on any of these bases is akin to a challenge to the sufficiency of the evidence supporting a conviction." Id. at 450-51. Third, fatal errors include only sentences that are "so profound as to render the sentence illegal and void." Id. at 452. The court defined an illegal sentence as one that "in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity." Id. (quoting State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978)). Included within that definition are sentences which are "not authorized under the applicable statutory scheme." Id.

Our supreme court has stated that habeas corpus was the correct procedural mechanism by which a defendant may seek the correction of an illegal sentence. Moody v. State, 160 S.W.3d 512, 516 (Tenn. 2005). Additionally, effective July 1, 2013, both the State and a defendant could utilize Tennessee Rule of Criminal Procedure 36.1 to seek the correction of an illegal sentence. State v. Brown, -- S.W.3d --, 2015 WL 77448275, at *6 (Tenn. Dec. 2, 2015). Although the procedure set out in Rule 36.1 differs slightly from the procedure applicable to habeas corpus petitions, our supreme court has stated that "Rule 36.1 is identical to habeas corpus in other respects. For example, in a separate opinion also filed today, we held that the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and actually mirrors, the definition this Court

has applied to that term in the habeas corpus context." Id. (citing State v. Wooden – S.W.3d --, 2015 WL 774 8034, at \*7 (Tenn. Dec. 2, 2015)).

In Brown, our supreme court went on to examine a claim that the trial court failed to award a defendant pretrial jail credits. Id. at \*8-9. The court noted that Tennessee Code Annotated section 20-23-101(c) states:

> The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

See id. at \*8 n.13. However, the court concluded that, even though the award of pretrial jail credits was mandatory under the statute, the defendant was not entitled to relief because failure to comply with the statute's requirements did not render *the sentence* illegal. Id. As the court stated,

> Although pretrial jail credits allow a defendant to receive credit against his *sentence* for time already served, awarding or not awarding pretrial jail credits does not alter the *sentence* in any way, although it may affect the length of time a defendant is incarcerated. A trial court's failure to award pretrial jail credits may certainly be raised as error on appeal, as the defendant in Stubbs [v. State, 393 S.W.2d 150, 154 (Tenn. 1965)] chose to do. But a trial court's failure to award pretrial jail credits does not render the *sentence* illegal and is insufficient, therefore, to establish a colorable claim for relief under Rule 36.1 [or habeas corpus].

Id. at \*9.

In this case, we acknowledge that the Petitioner is seeking habeas corpus relief for the failure to award "credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried." See Tenn. Code Ann. § 20-23-101(c). However, based on the analysis in Brown, habeas corpus relief is not available in this case because, although it may affect the length of time he is incarcerated, the failure to award post-judgment jail credit "does not render the *sentence* illegal[.]" See id. at \*9; Mario Hawkins v. Michael

Parris, No. W2015-00775-CCA-R3-HC, 2016 WL 154616, at *2 (Tenn. Crim. App. Jan. 12, 2016).

*Conclusion*

For the aforementioned reasons, the judgment of the habeas corpus court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE